IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. FARROW  Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 08-0263 ) |
| WESTERN DISTRICT OF PENNSYLVANIA PAROLE AND PROBATION,  Defendant. | ) ) ) ) ) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.

March 3, 2008

Before the court are plaintiff's motion for leave to proceed in forma pauperis and his pro se complaint. For the reasons that follow, plaintiff's motion will be granted, and his complaint dismissed.

I. BACKGROUND

Plaintiff's pro se complaint is both brief and vague; plaintiff is apparently attempting to bring a Bivens action against the Probation and Pretrial Services Office for the Western District of Pennsylvania for violating his civil rights.[1] Plaintiff tries

---

[1]

While § 1983 provides the vehicle for addressing civil rights violations by persons acting under color of state law, the Bivens doctrine provides the vehicle for addressing constitutional violations committed by federal officials acting under federal law. Bivens v. Six Unknown Named Agents of Federal Bureau of

to allege that his civil rights were violated when his supervised release was improperly extended. Plaintiff's complaint could also be construed as alleging Federal Tort Claims Act claims for the emotional distress he claims to have suffered as a result of the actions of the Probation Office. Plaintiff seeks monetary damages.

Plaintiff, apparently, bases these claims upon a Petition on Supervised Release dated February 1, 2007 which he has attached to his complaint.

II. DISCUSSION

    A. Motion for Leave to Proceed In Forma Pauperis

We first address plaintiff's motion for leave to proceed in forma pauperis.

Congress has authorized the federal courts to allow a party to proceed with the commencement, prosecution, or defense of an action in forma pauperis. 28 U.S.C. § 1915(a). In doing so, Congress recognized the public policy concern that persons who are unable to pay fees or give security should be permitted to prosecute or defend actions that affect their legal rights. Because it appears that plaintiff is unable to pay the costs associated with commencing this action, we will grant him leave to proceed in forma pauperis.

---

Narcotics, 403 U.S. 388 (1971).

B. Complaint

Next, we turn to plaintiff's complaint.

In enacting section 1915, Congress granted the courts an extra measure of authority when evaluating an in forma pauperis action. Under that section, the court shall dismiss such an action if it determines any of the following: (1) that the action is frivolous or malicious; (2) that the action fails to state a claim on which relief may be granted; or (3) that the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii). If it so finds, the court may dismiss a claim sua sponte, even before the summons issues. Johnstone v. U.S., 980 F. Supp. 148, 150 (E.D. Pa. 1997).

A complaint fails to state a claim if, with all well-pleaded allegations taken as true, and viewed in the light most favorable to plaintiff, it does not state any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). Further, a complaint is frivolous if it is "based on an indisputably meritless legal theory," or sets forth "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, a complaint is clearly baseless or frivolous, as a matter of law, if the defendant is immune from suit. See id.; 28 U.S.C. § 1915(e)(2)(B)(iii). In determining whether or not the complaint is baseless, the court may consider the documents attached to the complaint. See Buck v. Hampton

3

Township Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

Here, all of plaintiff's claims fail as a matter of law. Plaintiff's Bivens claim is frivolous for a couple of reasons. First, the only named defendant, the Probation and Pretrial Services Office for the Western District of Pennsylvania ("Probation Office"), is immune from suit.[2] The Probation Office is part of the Administrative Office of the United States Courts, and is a federal agency. Absent a waiver, the federal government and its agencies enjoy sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Accordingly, plaintiff cannot bring a Bivens action against the Probation Office. See Id., at 484-86 (holding that a Bivens action cannot be brought against a federal agency).

Second, the February 1, 2007 Petition on Supervised Release attached to plaintiff's complaint indicates that plaintiff was not placed back on supervised release as he alleges. Rather, according to the Petition, plaintiff's supervised release ended on June 17, 2000 and plaintiff was not placed back on supervised release after that time. It seems that plaintiff's claim stems from an erroneous petition filed by the Probation Office on March 13, 2006, indicating that plaintiff violated the terms of his supervised release, even though plaintiff's supervised release had

---

[2] Plaintiff has actually named "Western District of Pennsylvania Parole and Probation" as the defendant herein. The proper name for this federal agency is Probation and Pretrial Services Office for the Western District of Pennsylvania.

ended almost six (6) years earlier. Recognizing this error, the Probation Office recommended in its February 1, 2007 petition that the March 13, 2006 petition be withdrawn and that plaintiff's case be closed. There is no indication in the February 1, 2007 petition, nor has Plaintiff alleged, that he was placed in custody or detained in any way as a consequence of the error. As such, plaintiff is unable to plead any facts establishing that he was denied any right secured by the Constitution or law of the United States. Any attempt to amend the complaint as to this claim would, therefore, be futile and plaintiff's <u>Bivens</u> claim will be dismissed with prejudice.

Assuming plaintiff has also attempted to plead Federal Tort Claims Act ("FTCA") claims, pursuant to 28 U.S.C. § 2671 <u>et seq</u>., for intentional and/or negligent infliction of emotional distress, those claims fail because the court lacks subject matter jurisdiction. The FTCA provides an exception to the principle of sovereign immunity which generally shields the United States from lawsuits. As a jurisdictional prerequisite, however, a plaintiff must first submit the claim to the appropriate federal agency within two years of accrual of the cause of action and await a final denial of the claim by the reviewing agency. 28 U.S.C. §§ 2401(b), 2765. There is no indication that plaintiff has exhausted his administrative remedies.

III. CONCLUSION

For the foregoing reasons, the court will grant plaintiff's motion for leave to proceed in forma pauperis, but will dismiss plaintiff's complaint. Plaintiff's Bivens claim will be dismissed as frivolous and as failing to state a claim on which relief may be granted. Plaintiff's tort claims will be dismissed without prejudice for lack of subject matter jurisdiction. If plaintiff is able to assert that he has filed his administrative tort claim as required and has exhausted his FTCA remedies, he may do so by filing an amended complaint herein within thirty (30) days, or thereafter (if timely under § 2401(b)) in a separate civil action.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. FARROW | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 08-0263 |
| | ) |
| WESTERN DISTRICT OF | ) |
| PENNSYLVANIA PAROLE AND | ) |
| PROBATION, | ) |
|     Defendant. | ) |

ORDER

AND NOW, this 3rd day of March, 2008, upon consideration of plaintiff's motion for leave to proceed in forma pauperis, said motion is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's Bivens claim is DISMISSED WITH PREJUDICE. Plaintiff's tort claims are DISMISSED WITHOUT PREJUDICE.

BY THE COURT:

*[signature]*

cc: All Counsel of Record